## TRESPASSERS UPON RAILWAY RIGHTS OF WAY.

[Circuit Court of Summit County].

THE CLEVELAND, AKRON & COLUMBUS RAILWAY COMPANY v.
GEORGE STEIN, AN INFANT, BY PHILIP STEIN,
HIS NEXT FRIEND.

Decided, April, 1903.

*Negligence—Trespassers and Licensees—Use of Railway Tracks by School Children—Warnings of Danger.*

1. Where an employe of a railroad company frequently orders pedestrians off the right of way, and notifies them that the company objects to their use of the right of way, and has consultations with the teachers and superindendent of the schools, warning them against children going upon the right of way, and signs are erected, reading, "Caution—Don't Walk or Trespass on This Road," and a school boy thereafter walks along the right of way, he is a trespasser.

2. The rule in Ohio as to a trespasser upon a railroad track is, that the company is not bound to look out for him or to give warning, but having discovered his peril, must use every reasonable effort to save him.

3. A high school boy walking along between two tracks near a street crossing stepped upon one of the tracks, in order to pass around a switch light, without looking or listening or taking other precautions, and was struck by an engine and seriously crippled. *Held:* That the facts did not support a finding of negligence on the part of the company for which it would be liable for the injury suffered.

Error to the Court of Common Pleas, Summit County.

HALE, J.; MARVIN, J., and WINCH, J., concur.

On the 28th day of May, 1900, the defendant in error, while walking along the right of way of the plaintiff company, within the city of Akron, was struck by an engine and very seriously injured. For many years prior to the date of this accident the public, including school children, had been accustomed to pass over this part of the right of way of the company in going to and from their homes to their places of business, and school children from their homes to school. The negligence charged in the petition is this:

"The plaintiff further says, that on the 28th day of May, 1900, the said George Stein, being a student of said new high school, was going home over the usual route, to-wit., down Forge street to the track and roadbed of the defendant, thence southerly on the

track and roadbed of the defendant to Exchange street; that he had proceeded southerly on the track and roadbed of the defendant company to a point about twenty feet south of the Center street railroad crossing, when the said defendant, through its agents and servants, carelessly and negligently caused a locomotive to be propelled up to and against the said George Stein, knocking him down, the wheels of said locomotive passing over his left leg above the ankle. That said locomotive was going in the same direction that said George Stein was going; that said George Stein had his back to said locomotive and did not know that said locomotive was approaching him from the rear; that no bell was rung or other signal given, or any warning whatever given of the approach of said engine; that said George Stein was in plain sight, and could be seen by the engineer and fireman of said engine in time to have warned him of its approach and permitted him to get out of the way of said engine."

The negligence complained of, therefore, is a failure to perform the duty which the company owed to this boy. To determine then the act of negligence it is necessary to determine the relation existing between the company and the boy at the time of this accident. If the boy is to be regarded as upon the railroad track by the invitation, acquiescence, or by the permission of the company, it did owe to him the duty to use ordinary and reasonable care to protect him, knowing that he was rightfully upon the track, and the specific act of negligence charged—the failure to give the signal—would be available to him. But if he was a mere trespasser upon the track, or a mere licensee, a different rule applies, and the duty of the company to him was entirely different than in the case that I have indicated.

In a very recent case of this same railroad against Workman (66 O. S., 509), the duty of a railroad company to a trespasser upon the track, or a mere licensee, was considered by the court, and in the first paragraph of the syllabus it is stated thus:

"An employe of a railroad company, whose duties in the performance of his employment do not require him to be on the main track of the railroad with a three-wheeled hand car called a 'speeder,' but who so goes upon the main track without any invitation or inducement therefore by the company, but with no objection on the part of the company, is at most a mere licensee, and his use of the track in such manner is subject to all the risks incident to the use of the track by the company, in the same manner it was

used at the time the license was granted, and the company does not owe him the duty to especially look out for and protect him, when running its trains, except to use reasonable care to avoid injuring him after discovering him upon the track."

After that case had been decided by the Supreme Court, this court had occasion to consider this question in the case of *The Cleveland, Cincinnati, Chicago & St. Louis Ry. Co.* v. *Gahan, etc.,* (24 C. C., 277), and, following that case, we held that the duty of a railroad company to a trespasser upon its track, or a mere licensee upon its track, was fully performed when, after discovering the peril of the party upon the track, used all reasonable diligence to save him from the peril.

We are aware that the authorities upon this question are very conflicting, and there is no lack of authorities to sustain the proposition that the duty of the company is not only to use ordinary care after discovering a trespasser upon the track, but to use all ordinary care to discover him.    But our Supreme Court has very clearly, not only in this case, but in another case, sustained the proposition that I have announced.

The attention of the jury was not specifically called to this relation, and the duties of the company to this boy under the different phases that might have been submitted to them; but, instead of that, after stating the situation, the court said to the jury:

"And I say to you, that if you find from the evidence that the defendant did not acquiesce in such use by the public, including school children, at and before the time plaintiff was injured, and that said public, including school children, did not travel over said place by the permission of the defendant, or if you find that the defendant objected to such use by the public, including school children, then your verdict should be for the defendant."

Manifestly, that proposition is much too favorable to the railroad company.    This boy might have been on the track under the circumstances assumed and still have been entitled to recover, because, if the agents of the railroad company had discovered his peril in time to have saved him, it was the duty of the railroad company to have done so.

We suppose the court, in the construction of the petition, held that the only negligence charged was the failure to ring the bell, and to give the proper warning, and did not regard the question

made by the petition. The court may have been right, but it will be noticed that, in general terms, the petition states the defendant, through its agents and servants, carelessly and negligently caused a locomotive to be propelled up to and against said George Stein, knocking him down, etc., and it is possible, under that general allegation of the petition, although not made more specific thereafter, that that question might have been made. But the court, upon this question, further charged:

"I say to you, however, should you be satisfied from the evidence that signs warning the public, including school children, against passing over said grounds where plaintiff was injured, were erected by the defendant, not for the purpose on the part of the defendant of objecting or hindering the public, including school children, from passing over said spot; or if you find from the evidence that for a long time previous and up to the date of the accident the said defendant permitted said public, including school children, to travel and pass as pedestrians habitually over its said road, and you further find it acquiesced in such use by them during said period, notwithstanding said printed signs, then, I say to you, that said signs would be of no avail to the defendant. The objections or hindrances on the part of the defendant whether by such signs or otherwise to the use of said grounds in the manner stated by the persons named, must have been in good faith on its part, with the intention and purpose on its part to in fact object to such use. In considering all the testimony there may be on this subject in support of the defendant's claim, whether by written signs or by acts of its servants and officers in person, to amount to an objection to the use by the public, including school children, of said grounds, the same must have been done by the defendant in good faith for the purpose and with the intent on its part to in fact object to such use, in order to be of avail to the defendant in this case."

We are inclined to think that that charge may have been misleading. It was not a question of fraud or good faith on the part of the company. They could control their property as they saw fit. The question was whether they did object, or whether they did acquiesce in the public going upon that land. It is a question of fact to be determined by the jury.

The undisputed facts in the case show that the railway company had placed along this right of way certain signs, reading, "Caution—Don't walk or trespass upon this road." These signs

at all railroad crossings were plain and visible.  An employe of the railroad testifies that he had frequently ordered pedestrians off of the right of way, and called their attention to the fact that the company objected to it; he had consultations, he says, with the teachers in the schools, and superintendent, in which he warned them against the children going upon this right of way.  These facts are undisputed.

Under proper instructions the jury would not have been jusified in finding anything other than that this boy was at best a mere licensee upon that track; he was, in fact, a trespasser.  It can not be expected that the company shall furnish a man to stand at all times warning people off of the track.  They put a notice up to protect themselves, which they had a right to do, against this very kind of liability.

If this be true, however reluctant we may be to come to that conclusion, the company was not chargeable with any negligence towards this boy.  He was on the track knowing its uses, its dangers—old enough to appreciate them.  The company was doing precisely what it had a right to do.  If he was a trespasser they were not bound to look out for him or give the warning.  They were bound, if they discovered his peril, to use every reasonable effort to save him.  That was the extent of their duty toward him.

The jury were clearly wrong in finding negligence on the part of the company for which it would be liable for injury to this boy.

Again, this boy was old enough, as I say, to appreciate this danger; he was walking along between the two tracks, a place of entire safety had he continued in that route, but just before being struck he reached a switch light, and in passing around that he came in contact with the engine without giving any heed to or looking for its approach.  Under the rule given to the jury by the court, he was guilty of contributory negligence, which would prevent a recovery.  An engine was passing along the track in the midst of other tracks, where danger is always present, and he stepped from a place of safety to a place of danger without even looking or listening, or taking any precaution to save himself.

We think upon both grounds on the facts of this case the jury were wrong in returning a verdict for the defendant in error, and that on a motion for a new trial the verdict should have been set aside.

We find no further error apparent upon this record than this, and for the sole reason that the court overruled the motion for a new trial because the verdict was not sustained by sufficient evidence, the judgment of the court below is reversed and the case remanded for a new trial.

*Allen, Waters & Andress,* for plaintiff in error.

*Rogers, Rowley, Bradley & Rockwell,* for defendant in error.